# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## The National Mill and Lumber Corporation v. A. P. Counts.

### November 16, 1922.

Logs and Logging—*Contracts—Recovery for Work Done in Sawing Logs— Case at Bar.*—In the instant case, an action against a landowner to recover for sawing logs, it appeared that the landowner had made a contract with one M. to cut and saw the timber upon his land. M. sublet his contract to a partnership and the partnership sublet the cutting, logging and sawing of a portion of the timber to the plaintiff. Plaintiff began work and continued until notified by the partnership that they declined to continue the contract. Plaintiff then wrote M., the original contractor, offering to continue the work, but M. refused to pay plaintiff the amount which plaintiff proposed to charge for his labor, and ordered him off the land. Plaintiff quit work but claimed, and introduced evidence tending to prove, that the general superintendent of the defendant, with full knowledge that M. had declined to enter into any contract with the plaintiff, and ordered him off the land, afterward gave plaintiff an order in writing to cut certain timber into lumber. This was denied by the general superintendent.

Held: That if the plaintiff performed the work in question under the original M. contract, without such specific request from the general superintendent, the defendant was not liable. But if the general superintendent induced the plaintiff to continue the work upon an express promise to pay him therefor, and if the defendant ratified this promise and accepted the lumber, then it was liable, and that upon the conflicting evidence a verdict for plaintiff could not be disturbed.

Error to a judgment of the Circuit Court of Alleghany county on a petition upon attachment.

Judgment for petitioner. Defendant assigns error.

*Affirmed.*

The opinion states the case.

R. B. Stephenson, S. M. Austin, and Revercomb & Revercomb, for the plaintiff in error.

C. B. Cushing and R. C. Stokes, for the defendant in error.

Prentis, J., delivered the opinion of the court.

The National Mill and Lumber Corporation, hereinafter called the defendant, complains of a judgment based upon the verdict of a jury in favor of A. P. Counts, hereinafter called the plaintiff.

In order to apprehend the true controversy it is necessary to state certain facts which are uncontradicted, which preceded the alleged contract, express or implied, upon which the recovery is based. The defendant was the owner of a large tract of timbered land in Alleghany county, Virginia, and made a contract with one J. C. Myers to cut, log and saw the timber thereon into lumber. Myers sublet his contract to Carter & Wickline, who sublet the cutting, logging and sawing of a portion of the timber to the plaintiff (Counts). The plaintiff entered upon the performance of his contract with Carter & Wickline, and continued his work until late in 1920, when he was notified by them that they declined to continue the contract. Thereupon the plaintiff wrote Myers, the original contractor with defendant, and offered to continue his work. To this Myers replied peremptorily refusing to pay the plaintiff the amount which he proposed to charge for his labor, and ordering him off the land on November 26, 1920. This leads up to the controversy here under review.

The plaintiff bases his claim upon these circumstances

30

which the evidence introduced by him tends to prove: After sawing up the odds and ends which were left at his mill, amounting it is estimated to 5,000 feet, he quit the work December 3, 1920. On December 11, 1920, Moore, the general superintendent of the defendant, which is a West Virginia corporation, with full knowledge that Myers, the original contractor, had declined to enter into any contract with the plaintiff, and had ordered him off the land, and that because of that order he had stopped work, then gave the plaintiff an order in writing to cut certain timber into lumber of specified sizes and verbally directed him to continue to saw lumber for the company. Pursuant to these orders Counts thereafter sawed 33,620 feet of lumber for the company, which was measured by the defendant company's scaler and accepted. The defendant, on the other hand, through Moore, its superintendent, testifies that he only gave the written order to saw a small quantity of the timber into specified sizes, that this was done pursuant to its original contract with Myers, and denies that he gave him any verbal orders. The defendant also relies upon the fact that thereafter Myers gave the plaintiff a worthless check covering the amount of lumber sawed. The question presented then is one of fact, and there is no fairly debatable question of law disclosed by the record. The claims of each of the litigants were fairly presented to the jury by the instructions. If it be true that the plaintiff performed the work under the authority of the original Myers contract, without such specific request from the agent of the defendant, then the defendant is not liable. If, on the contrary, the defendant, through its general superintendent and agent in Virginia, with knowledge that Myers had ordered the plaintiff to stop work under his contract with Carter & Wickline, induced the plaintiff to continue work upon

the express promise of its superintendent to pay him therefor, and if the defendant, with notice thereof, ratified this promise and accepted the lumber thus sawed, it is liable to the plaintiff for the amount justly due therefor; and this whether Myers also considered himself also responsible or not. The issue of fact thus raised was fairly submitted to the jury. They found a verdict which also covered the amount of $90 due for sawing 5,000 feet of lumber before the alleged order was given to the plaintiff by Moore, the superintendent, December 11, 1920. The court was of opinion that the verdict was to this extent excessive, and the plaintiff agreed to a reduction thereof; whereupon the court gave judgment for the amount of the verdict thus reduced. In view of the conflict in the testimony, the jury might have found a verdict in favor of the defendant, but as the verdict which they did find is sufficiently supported by the testimony relied on by the plaintiff, it will not be disturbed here.

*Affirmed.*